IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-351-F-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| CANDY MEDLIN, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the North Carolina State Bureau of Investigation. The defendant presented the testimony of the proposed third-party custodian, the defendant's mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in 5 counts of a 24-count indictment on 24 October 2012 with: (1) conspiracy to manufacture, distribute, dispense, and possess with the intent to distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine beginning in or about January of 2006 and continuing up to and including on or about the date of the indictment in violation of 21 U.S.C. §§ 841(a)(1) and 846 (ct. 1);

(2) possession of equipment, chemicals, products and material with the intent to manufacture methamphetamine, and aiding and abetting the same, on or about 1 April 2012 in violation of 21 U.S.C. § 843(a)(6) and 18 U.S.C. § 2 (ct. 5); (3) possession of pseudoephedrine with the intent to manufacture methamphetamine, and aiding and abetting the same, on or about 1 April 2010 in violation of 21 U.S.C. § 841(c)(1) and 18 U.S.C. § 2 (ct. 6); (4) possession with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, and aiding and abetting the same, on or about 1 April 2010 in violation of 21 U.S.C. § 841(a)(1) (ct. 7); and (5) possession of pseudoephedrine with the intent to manufacture methamphetamine on or about 1 January 2006 and continuing up to and including on or about 25 January 2012 in violation of 21 U.S.C. § 841(c)(1) (ct. 10).

The evidence presented at the hearing showed that the charges arise from a sophisticated conspiracy lasting for more than five years involving the production of over five kilograms of methamphetamine, arrangements with numerous people to obtain supplies for the production of methamphetamine, and the use of firearms to protect the methamphetamine production facility used. Defendant served as a ring leader for the conspiracy, apparently managing acquisition of pseudoephedrine for the conspiracy, a necessary ingredient for methamphetamine.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug-related nature of the offenses charged; the circumstances of

the offenses charged, including the scale, sophistication, and duration of the drug conspiracy, and the leadership role of defendant in the drug conspiracy; defendant's accrual of a charge for methamphetamine possession on 24 August 2012 while on release for the state charges based on the conduct underlying the instant charges; defendant's active methamphetamine addiction; the danger of continued offense conduct by defendant if released; the unsuitability of the proposed third-party custodial arrangement due to the presence of a minor in the proposed custodial home and the extent of the risk of danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as absence of evidence that defendant fled or attempted to flee following her arrest on the underlying state charges in 2010. The court, however, has not based its ruling on risk of flight.

Defendant also points to her lack of a prior criminal record. The record shows, however, that while defendant does not have prior convictions, she played a leadership role for years in the major methamphetamine production conspiracy that is the subject of the indictment. Moreover, defendant is in the throes of active methamphetamine addiction. This addiction has resulted in not only defendant's use of methamphetamine, but her participation in the production of it. The court believes that this shows there is a very strong likelihood that defendant would continue such production should she be released and that there are no conditions it can impose that would reasonably address this risk. The court finds that the other mitigating factors cited by defendant are offset by the evidence weighing in favor of detention.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility

separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 6th day of November 2012.

James E. Gates
United States Magistrate Judge