IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-00351-F-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CANDY MEDLIN, | ) | |
| Defendant. | ) | |

This matter is before the court on Candy Medlin's Motion for Copies [DE-551]. In her motion, Medlin requests a free copy of all paperwork from her case, including the following: all motions filed, plea agreement, Presentence Report, and sentencing hearing transcript.

Pursuant to Amended Standing Order No. 09-SO-02[1], the court will not send a copy of a plea agreement to an inmate. Medlin, however, is advised that the public may have access to filed plea agreements and other unsealed documents in her case at the public terminal in the Clerk's office.

As for her Presentence Report, Medlin is advised that for security reasons inmates do not maintain a copy of their Presentence Reports. Medlin can get access to her Presentence Report from her Bureau of Prisons' case manager.

Title 28, United States Code, Section 753(f) addresses the circumstances under which transcripts may be provided to an indigent defendant at the government's expense. The statute, in pertinent part, provides as follows:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to

---

[1] The Clerk hereby is DIRECTED to send Medlin a copy of Amended Standing Order No. 09-SO-02.

persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f). An indigent defendant may be entitled to transcripts at the government's expense if he has stated a proper ground for relief and the transcripts are indispensable. *United States v. Glass*, 317 F.2d 200, 202-03 (4th Cir. 1963). An indigent defendant is not entitled to transcripts at the government's expense "merely to comb the record in the hope of discovering some flaw." *Id.* at 202.

Medlin has not stated a need for her sentencing hearing transcript. Thus, the court concludes that Medlin has not sufficiently stated a particularized need. The Clerk is DIRECTED to provide Medlin with information on how she might obtain a copy of her sentencing hearing transcript.

For the foregoing reasons, Medlin's Motion for Copies [DE-551] is DENIED.

SO ORDERED.

This, the 1st day of June, 2015.

_____
JAMES C. FOX
Senior United States District Judge

2

Case 5:12-cr-00351-BO   Document 553   Filed 06/01/15   Page 2 of 2