IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-00351-F-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CANDY MEDLIN, | ) | |
| Defendant. | ) | |

This matter is before the court on Candy Medlin's February 16, 2016 letter motion [DE-601] addressed to the "Clerk of Superior Court." In her letter motion, Medlin requests the following: (1) an extension of time to file a motion pursuant to 28 U.S.C. § 2255, and (2) a copy of her sentencing hearing transcript.

A district court lacks jurisdiction to consider the timeliness of a § 2255 motion until such a motion actually is filed. *See United States v. Leon,* 203 F.3d 162, 164 (2d Cir. 2000) (holding that when no § 2255 has been filed, any opinion rendered on timeliness would be merely an advisory opinion). Where a motion for extension of time contains allegations sufficient to support a claim under § 2255, a district court may opt to recharacterize a timely motion for an extension of time as a § 2255 petition. *Johnson v. United States,* Nos. 5:05CR209-FL, 5:10CV114-FL, 2010 WL 4026086, *2 (E.D.N.C. Oct. 13, 2010).

In this case, Medlin has not filed a § 2255. Moreover, Medlin's request for an extension of time does not contain any allegations. For this reason, the court will not recharacterize the motion as a § 2255. Accordingly, Medlin's request for an extension of time will be DENIED.

Title 28, United States Code, Section 753(f) addresses the circumstances under which transcripts may be provided to an indigent defendant at the government's expense. The statute,

in pertinent part, provides as follows:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f). An indigent defendant may be entitled to transcripts at the government's expense if he has stated a proper ground for relief and the transcripts are indispensable. *United States v. Glass*, 317 F.2d 200, 202-03 (4th Cir. 1963). An indigent defendant is not entitled to transcripts at the government's expense "merely to comb the record in the hope of discovering some flaw." *Id.* at 202.

Medlin has not stated any need for her sentencing hearing transcript; thus, the court concludes that Medlin has not sufficiently stated a particularized need. Consequently, Medlin's request for her sentencing hearing transcript will be DENIED. The Clerk is DIRECTED to provide Medlin with information on how she might obtain a copy of her sentencing hearing transcript.

In light of the foregoing, Medlin's February 16, 2016 letter motion [DE-601] is DENIED.

SO ORDERED.

This, the __19__ day of February, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

2