IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-00351-F-2
No. 5:16-CV-00642-F

| | | |
|---|---|---|
| CANDY MEDLIN, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

Before the court are the following:

(1) the Government's Motion to Dismiss [DE-682] Candy Medlin's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-638, -655][1]; and
(2) Medlin's Motions to Amend [DE-665, -666].

The issues have been fully briefed, and the matters are now ripe for ruling. For the reasons addressed below, the Government's Motion to Dismiss is ALLOWED, Medlin's Motion to Vacate is DENIED, and her Motions to Amend are DISMISSED.

**I. Factual and Procedural Background**

On October 24, 2012, Medlin was charged in five counts of a twenty-four count indictment. *See* Indictment [DE-1]. In Count One, Medlin was charged with conspiracy to manufacture, distribute, dispense, and possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. *See id.* Count Five charged Medlin with possession of equipment, chemicals,

---

[1] Medlin's initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document [DE-638], which was filed on June 30, 2016. At the court's direction, Medlin filed a "conforming" motion [DE-655] on July 25, 2016.

products, and material with the intent to manufacture methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 843(a)(6) and 18 U.S.C. § 2. *See id.* In Count Six, Medlin was charged with possession of pseudoephedrine with the intent to manufacture methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841(c)(1) and 18 U.S.C. § 2. *See id.* Count Seven charged Medlin with possession with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. *See id.* Finally, in Count Ten, Medlin was charged with possession of pseudoephedrine with the intent to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(1). *See id.*

At her arraignment, held on March 12, 2013, Medlin pled guilty to Count One, pursuant to a written plea agreement [DE-268]. Medlin's sentencing was held on January 9, 2014, and she was sentenced to 240 months' imprisonment and a lifetime term of supervised release. *See* Judgment [DE-415]. Medlin was also ordered to pay a fine in the amount of $9,700.00 and restitution in the amount of $2,479.00. *See id.* Medlin did not file a direct appeal.

On June 30, 2016, Medlin filed the instant *pro se* Motion to Vacate [DE-638, -655]. In her motion, Medlin's sole claim is that she is entitled to relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). On August 10, 2016, Medlin filed her first Motion to Amend [DE-665], arguing that because she was a minor participant, she is entitled to relief under Amendment 794 to the United States Sentencing Guidelines. Medlin filed her second Motion to Amend [DE-666] on August 24, 2016, raising the following arguments: (1) she was not given credit for her acceptance of responsibility; (2) pursuant to U.S.S.G. § 2D1.1(b)(16), she is eligible for a two-level safety valve reduction; (3) she provided substantial assistance, yet she

2

was denied a reduction under U.S.S.G. § 5K1.1; and (4) at sentencing, she was expecting a downward departure for mental and emotional issues, but this did not occur. On October 6, 2016, the Government filed a Motion to Dismiss [DE-682], arguing that dismissal is warranted because Medlin has failed to state a claim upon which relief can be granted.

## II. Fed. R. Civ. P. 12(b)(6) Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

3

### III. Discussion

#### A. Medlin is not entitled to relief under *Johnson*.

In *Johnson*, the Supreme Court addressed whether increasing a defendant's sentence based on the residual clause, contained in 18 U.S.C. § 924(e)(2)(B)(ii), violates due process. 135 S. Ct. at 2551. The residual clause provided that an offense was a violent felony for purposes of § 924(e), if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court held that "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law." *Johnson*, 135 S. Ct. at 2557. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson* applies retroactively to cases on collateral review. 136 S. Ct. 1268.

In this case, Medlin was not sentenced as an armed career criminal or a career offender. *See* PSR [DE-384] at 18, ¶ 57. Moreover, she did not receive a sentencing enhancement based on a prior violent felony conviction. Because Medlin is not entitled to relief under *Johnson*, her Motion to Vacate must be denied.

#### B. Medlin's Motions to Amend are Time-Barred.

In her first Motion to Amend [DE-665], Medlin argues that because she was a minor participant, she is entitled to relief under Amendment 794 to the United States Sentencing Guidelines. Medlin raises the following arguments in her second Motion to Amend [DE-666]: (1) she was not given credit for her acceptance of responsibility; (2) pursuant to U.S.S.G. § 2D1.1(b)(16), she is eligible for a two-level safety valve reduction; (3) she provided substantial assistance, yet she was denied a reduction under U.S.S.G. § 5K1.1; and (4) at sentencing, she was expecting a downward departure for mental and emotional issues, but this did not occur.

4

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). A federal prisoner's conviction becomes final on the date upon which he fails to pursue further direct appellate review of his conviction. *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001).

In this case, judgment was entered on January 17, 2014, and became final fourteen days later, on January 31, 2014, when the time for filing a notice of appeal expired. *See* Fed. R. App. P. 4(b)(1)(A) (providing that a criminal defendant's notice of appeal must be filed within 14 days of the later of: the entry of either the judgment or the order being appealed; or the filing of the government's notice of appeal). Medlin had until January 31, 2015 to timely file her § 2255 claims. Medlin's first Motion to Amend [DE-665] was filed on August 10, 2016, and her second Motion to Amend [DE-666] was filed on August 24, 2016. *See* Rule 3(d), Rules Governing Section 2255 Proceedings (A prisoner's habeas petition is deemed filed when he delivers it to

5

prison officials for mailing to the court). Thus, both of Medlin's Motions to Amend are untimely. Moreover, Medlin's Motions to Amend do not relate back to her timely-filed Motion to Vacate. *See United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000) ("These new claims do not relate back to his original claims because they arise from separate occurrences of both time and type."); *see also United States v Duffus*, 174 F.3d 333, 337-38 (3d Cir. 1999) ("We reiterate that if the court permitted the amendment it would have acted contrary to the policy of the AEDPA, which requires courts to measure the running of the limitations periods from the date on which the judgment of conviction becomes final.") Consequently, Medlin's Motions to Amend are dismissed.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-682] is ALLOWED, Medlin's Motion to Vacate [DE-638 -655] is DENIED, and her Motions to Amend [DE-665, -666] are DISMISSED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but when a court denies relief on procedural grounds, a petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct.).

SO ORDERED.

6

This the 1 day of December, 2016.

                                                  *James C. Fox*
                                                  JAMES C. FOX
                                                  Senior United States District Judge