IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-cr-00351-BO-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CANDY MEDLIN ) | |

The matter is before the court to address the December 20, 2017, pro se motion by Candy Medlin ("Medlin"), a federal inmate, seeking to amend her restitution order [D.E. 735]. For the reasons discussed below, Medlin's motion is denied in part and dismissed without prejudice in part.

Background:

On March 12, 2013, Medlin pleaded guilty to conspiracy to manufacture, distribute, dispense, and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846. See Mem. Plea Agreement [D.E. 268]. On January 9, 2014, Medlin was sentenced to, among other things, 240 months incarceration, a $100.00 special assessment, and $2,479.00 in restitution. See J. [D.E. 415] at 2, 5. The court authorized Medlin to pay any portion of the special assessment and restitution she could not pay in full via the Inmate Financial Responsibility Program ("IFRP"), and ordered the balance of her monetary penalties be paid in $50.00 monthly instalments after her release. Id. at 6.

Arguments:

Medlin argues her present IFRP payments are unreasonable. See Mot. [D.E. 735]. She alleges the following historical IFRP payment rates: $25.00 per quarter at F.C.C. Hazelton; $30.00 per quarter at F.C.I. Aliceville; and $88.00 *per month* at F.P.C. Alderson. Id. at 2–3. If she is unable

to pay the full IFRP amount, Medlin asserts an "FRP refusal" will be placed in her record. Id. at 4. She further notes she earns $5.25 to $18.84 per month at F.P.C. Alderson with a maximum pay rate of .40 cents per hour. See id. at 5. Thus, she contends it is "impossible" for her to make the $88.00 monthly payment without outside assistance. Id. Medlin requests the court amend the restitution order by allowing her payments of $25.00 per quarter. Id. She further argues that "authorities at FPC Alderson took the authority from the court" when it set the repayment amount. Id. at 6.

The Government responds in opposition that Medlin waived her right to challenge the court's judgment in post-conviction proceedings and that the court lacks jurisdiction to consider the motion because Medlin has not exhausted her administrative remedies. See [D.E. 736] at 1. The Government further argues Medlin's motion fails on the merits because the Bureau of Prisons ("BOP") may adjust payment plan pursuant to 28 C.F.R. § 545.11(b), and that the BOP applies a formula found in BOP program statement 5380.08 to make such adjustments. Id. at 6–7.

Discussion:

The IFRP is a BOP program that enables prisoners to:

> make scheduled payments from their inmate accounts toward court-ordered financial obligations. See 28 C.F.R § 545.10-11. Prison staff assist inmates in developing financial plans, which are subject to periodic review. Id. . . . [T]he IFRP is voluntary; the BOP cannot compel an inmate to make payments. See United States v. Boyd, 608 F.3d 331, 334 (7th Cir. 2010). But inmates with financial obligations who refuse to participate in the IFRP may no longer be eligible for many privileges, including more desirable housing and work outside the prison. 28 C.F.R. § 545.11(d).

Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015).

After reviewing Medlin's written submission, and considering her continuing incarceration, the court does not find any material change in Medlin's economic circumstances that affects her ability to pay restitution. Thus, there is no basis for a modification pursuant to 18 U.S.C. § 3664(k).

To the extent Medlin argues that the court's January 9, 2014, judgment improperly delegated

2

the schedule of restitution payments to the BOP pursuant to the IFRP, this argument is without merit. See, e.g., Richardson v. Smith, No. 2:14CV64, 2015 WL 9875842, at *11 (N.D.W. Va. Nov. 2, 2015) ("[T]he IFRP has been 'uniformly upheld against constitutional attack'" (quoting McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999))), report and recommendation adopted, No. 2:14-CV-64, 2016 WL 237125 (N.D.W. Va. Jan. 20, 2016), aff'd, 668 F. App'x 508 (4th Cir. 2016).

Finally, the court turns to the thrust of Medlin's motion–that, by setting an $88.00-a-month IFRP payment rate, well above what she can earn through work at F.P.C. Alderson, the BOP is not complying with the regulations that govern the IFRP. Although the court finds it curious that the BOP purportedly set Medlin's monthly payment at an amount considerably higher than the $50.00-a-month post-incarceration payment rate set by the court, see J. [D.E. 415] at 6, the court is bound by the holding that "an inmate's challenge to the BOP's administration of the IFRP is a challenge to the 'execution' of a sentence that is cognizable under 28 U.S.C. § 2241," Fontanez, 807 F.3d at 87; see In re Vial, 115 F.3d at 1194 n.5 ("[A]ttacks on the execution of a sentence are properly raised in a § 2241 petition."). To seek habeas relief under section 2241, Medlin must file her petition in the district of her present confinement. See United States v. Poole, 531 F.3d 263, 270 (4th Cir. 2008).

## Conclusion:

For these reasons, the court: DENIES Medlin's motion [D.E. 735] to the extent she seeks modification to, or otherwise challenges, the court's January 9, 2014, judgment; and DISMISSES WITHOUT PREJUDICE the motion to the extent Medlin challenges the BOP's administration of the IFRP to allow her to file a section 2241 habeas petition in the Southern District of West Virginia.

SO ORDERED. This 25 day of October 2018.

TERRENCE W. BOYLE
Chief United States District Judge

3