IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-351-BO-2

| | |
|---|---|
| CANDY MEDLIN, <br> Petitioner, | ) <br> ) <br> ) |
| v. | ) <br> ) |
| UNITED STATES OF AMERICA, <br> Respondent. | ) <br> ) <br> ) |

ORDER

This cause comes before the Court on petitioner's *pro se* motion to remove enhancements in her presentence report (PSR). [DE 744]. Respondent has moved to dismiss the motion as an unauthorized second or successive 18 U.S.C. § 2255 petition. [DE 757]. The matter is ripe for disposition. For the reasons discussed below, respondent's motion to dismiss [DE 757] is GRANTED and petitioner's motion [DE 744] is DISMISSED.

BACKGROUND

In March 2013, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). [DE 267, 268]. In January 2014, Judge Fox sentenced her to 240 months' imprisonment and a lifetime term of supervised release. [DE 393, 415]. At sentencing, petitioner was given a 2-level enhancement for possession of a dangerous weapon (including a firearm) under U.S.S.G. § 2D1.1(b)(1) and a 3-level enhancement for creating a substantial risk of harm to human life under U.S.S.G. § 2D1.1(b)(13)(c)(ii). [DE 284, p. 18]. Petitioner waived her right to appeal and did not notice a direct appeal. [DE 268]. In August 2016, the Court granted petitioner's motion to reduce her sentence from 240 months to 144 months under the drug quantity table amendment

to the U.S. Sentencing Guidelines. [DE 662].

In July 2016, petitioner filed a motion to vacate her sentence under 28 U.S.C. § 2255. [DE 655]. In response, the government moved to dismiss her petition for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). [DE 682]. In December 2016, the Court granted the government's motion and dismissed petitioner's Section 2255 petition. [DE 700]. The Court also declined to issue a certificate of appealability under Rule 11(a) and 28 U.S.C. § 2253(c)(2). *Id.*

In July 2018, petitioner filed the instant motion, asking the Court to remove from her PSR the 2-level and 3-level enhancements that she received for possession of a firearm and harm to human life, arguing that the enhancements are preventing her from obtaining the benefits of the Resident Drug and Alcohol Program. RDAP is the Bureau of Prisons' 500-hour residential drug treatment program and eligibility for the program is based on criteria established by the BOP under 18 U.S.C. § 3621(e)(2)(B), but includes only non-violent offenders. In December 2018, the government moved to dismiss petitioner's motion, arguing that it is an unauthorized second or successive Section 2255 petition, that it is precluded by the waiver in petitioner's plea agreement, and that petitioner has failed to state a claim upon which relief can be granted. [DE 757].

## DISCUSSION

The government argues that petitioner's Section 2255 petition must be dismissed because it is an unauthorized successive petition. Federal habeas petitioners are generally permitted only one Section 2255 motion. 28 U.S.C. § 2255(h). As such, under Federal Rule of Civil Procedure 12(b)(1), federal courts lack subject-matter jurisdiction to hear successive petitions. *United States v. Winestock*, 340 F.3d 200, 204–05 (4th Cir. 2003); *see also In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999). There are, however, some exceptions. If the first petition was not decided on the

merits, for example, the second petition is not improperly successive. *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000). Or if the second petition is based on the intervening vacatur of a conviction used to enhance the petitioner's sentence, it is not improperly successive. *United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014).

The Court finds that, because petitioner is seeking to remove enhancements, she is seeking to vacate parts of the sentence that she received in 2014. Petitioner's motion must be construed as a Section 2255 petition. *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998) (finding that the subject matter of the motion, rather than the petitioner's description, determines the motion's status); *see also Davis v. United States*, Civ. Act. No. PJM-09-1251, Crim. Act. No. PJM-00-424, 2009 WL 1658038, at *1 (D. Md. Jun. 12, 2009) ("By disputing the sentencing enhancement, [petitioner] is undeniably attacking his sentence, not a defect in collateral review. The pleading is appropriately considered as a successive 28 U.S.C. § 2255 petition.").

Petitioner has not obtained a certificate of appealability and has not shown that any of the exceptions to 28 U.S.C. § 2255(h) are applicable to her petition. Thus, petitioner's Section 2255 motion is an unauthorized second or successive petition and, as such, the Court does not have subject-matter jurisdiction to consider it. The motion must be dismissed.

CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack*, 529 U.S. at 483–84; *Rose v. Lee*, 252 F.3d 676, 683

(4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's Section 2255 petition debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the above reasons, respondent's motion to dismiss [DE 757] is GRANTED and petitioner's motion to remove enhancements [DE 744] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this 13 day of February, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE